Herminio H. Muñoz, Plaintiff and Appellee, *v.* Antonio Pardo, Defendant and Appellant.

No. 9493.   Argued December 5, 1947.—Decided April 19, 1948.

*Enrique Igaravídez* for appellant.   *Adrián Agosto* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

In the complaint, filed in the District Court of San Juan, the plaintiff alleges that he is the owner of a 3 ½-carat diamond ring valued at $1,200; that he gave it in pledge to the defendant, Antonio Pardo, to secure a loan for $200; that the plaintiff on several occasions tendered to the defendant the $200 plus $39.75 as the amount of certain purchases on credit made by the plaintiff in the establishment of the defendant; that since the latter had refused to receive the sum of $239.75 or to return the ring, the plaintiff deposited said sum in the office of the clerk of the court at the disposal of the defendant; that ever since the month of October, 1941, when the pledge was made, the defendant and his family have been using the ring, causing damages to the plaintiff in the amount of $550. The plaintiff prays that the defendant be adjudged to return the ring to him, to receive the amount deposited in his favor, and to pay to the plaintiff the sum of $550 for the use of the thing pledged; and, in the event the defendant is unable, or does not desire, to return the pledged property, that he be adjudged to pay its value, that is, $1,200, together with costs and $500 as attorney's fees.

The defendant in his answer specifically denied the essential averments of the complaint, and on the contrary alleged that the ring was sold to him by the plaintiff on or about October 28, 1941. He set up as special defenses: (a) that the action had prescribed, pursuant to § 1868 of the Civil Code (1930 ed.), because of the lapse of one year from the date on which the defendant took possession of the personal property involved; and (b) that the complaint did not state facts sufficient to constitute a cause of action. The defendant at the same time filed a "Motion for judgment dismissing the complaint" and alleged as grounds therefor (a) that the facts alleged in the complaint do not support an action for claim and delivery of personal property, as it appears on the face of the complaint that the defendant is in the lawful possession of the property claimed; (b) that the complaint is insufficient to support an action for damages, as the only right which the plaintiff might have would be to demand, pursuant to § 1769 of the Civil Code, that the thing given in pledge be placed in deposit; and (c) that both actions have prescribed under subdivision 1, § 1868 of the Civil Code in force.

The present appeal has been taken by the defendant from the judgment whereby he was adjudged to return the pledged property and to pay costs, including $100 as attorney's fees.

■■ In the first assignment it is urged that the lower court erred in overruling the defense of res judicata raised by the defendant in his "motion for a summary judgment."

The record before us does not contain any motion of the defendant for the rendition of a summary judgment. Nor does it appear from the pleadings that the defendant raised the defense of res judicata. In his opposition to plaintiff's motion, whereby it was sought that the thing pledged be delivered to the marshal and retained by the latter until the termination of the litigation, the defendant alleged, for the first time, that in a former suit between the same parties, brought by the plaintiff in the Municipal Court of San Juan

and tried *de novo* in the District Court of San Juan, it was decided that in order that a proceeding for consignation and claim of personal property, such as the one instituted by the plaintiff, might prosper, "it was necessary first to make a declaration of rights and of the character of the judicial relation existing between the plaintiff and the defendant, so that it could be determined from such declaration whether the diamond ring which was in the possession of the defendant was held by him as property acquired by purchase, or as a property given in pledge by the plaintiff to the defendant." The motion for deposit of the thing pledged was overruled.

At the trial the defendant introduced in evidence the complaint, the answer, and the opinion and judgment filed in the former case "to show that the same plaintiff had previously deposited a greater amount and alleged different things." In the prayer of said complaint it was requested that judgment be rendered declaring that the transaction between the parties was a loan, the ring being given as security therefor, and that the defendant be adjudged to accept the sum deposited in the municipal court and to return the thing pledged. The district court dismissed the action (a) because the deposit made by the plaintiff in the municipal court was void; and (b) because the municipal court lacked jurisdiction to declare rights, status, and other juridical relations, as that jurisdiction belonged exclusively to the district courts, under Act. No. 47 of 1931, relative to Declaratory Judgments and Decrees (Law of 1931, p. 378.)

The alleged defense of *res judicata,* even if it had been incorporated in the answer, would have to be dismissed, as being without merit. In order to successfully invoke the defense of *res judicata,* the most perfect identity must exist between the subject matter, the causes of action, the parties, and the capacity in which they acted, and the former judgment, by its own nature or by legal provision, must constitute an adjudication on the merits. *Meléndez* v. *Cividanes,* 63 P.R.R.

4. The judgment rendered by the district court in the former suit was not an adjudication on the merits. The dismissal of the action was based on the want of jurisdiction of the municipal court to render a declaratory judgment and may not, therefore, operate as an adjudication on the merits. Rule 41(*b*) of the Rules of Civil Procedure. There was no error.

As a second assignment, it is urged that the lower court erred in not holding that the doctrine of "collateral estoppel" precluded the plaintiff from making a lesser consignation than the one made by him in the former suit.

In the original complaint, filed in the municipal court, plaintiff Muñoz alleged that the transaction between him and defendant Pardo had been a pledge to secure the sum of $200, which was consigned at the disposal of Pardo. The latter answered that the ring had been sold to him for $450 and that the plaintiff, in addition, owed him $39.75. Muñoz thereupon filed an amended complaint in which he again alleged that he pledged the ring to Pardo for the sum of $200; that Pardo accepted the pledge and handed him a check for $200; that subsequent to the pledge transaction, the plaintiff made purchases on credit in defendant's bar to the amount of $289.75; that the plaintiff had requested the defendant to accept the $200 already deposited, plus a certified check for $289.75, but the defendant rejected this proposal and also refused to return the pledged property. The plaintiff deposited in court two certified checks amounting to $489.75.

In his answer to the amended complaint, Pardo alleged that at the time the transaction between him and Muñoz took place, the latter owed him $250, for purchases on credit made by him at "Pardo Bar & Grill"; that when he requested Muñoz to pay the debt the latter stated that the only thing with which he could pay was a diamond ring, which the plaintiff offered to the defendant in pledge; that upon Pardo refusing to accept it in pledge, the parties agreed to have the ring appraised and that the defendant would then give the plaintiff

credit for the amount of his indebtedness and pay him the balance in cash; that the ring was appraised in $450 and then Pardo treated Muñoz's account, amounting to $250 as liquidated, and delivered to Muñoz $200 in cash, Pardo receiving the ring, which he possesses as owner.

At the trial of the first case before the District Court of San Juan, the plaintiff Muñoz testified, in short, as follows: that he used to gamble with dice in the Pardo Bar & Grill; that on a certain day he lost $80 and he asked Pardo for that sum in order to pay the debt. Pardo offered to purchase the ring for $700, and to deduct the $80 from that sum. Muñoz rejected the offer, whereupon Pardo offered to lend him $200, with the ring to serve as security therefor. Pardo delivered to him a check for $200; Muñoz cashed it, paid back the $80 to Pardo, retained the balance of $120, and delivered the ring as security. Afterwards, Muñoz tendered the $200 to Pardo in order to recover the ring. Pardo then demanded the payment of interest and told Muñoz that he must pay him $450, if he wanted to recover the ring. Muñoz asked Pardo, through Diego Portalatín, to accept $400, "to take $200 more, that I am a poor man," but Pardo rejected the offer and demanded the payment of $550. After Muñoz had pledged the ring for $200, he made some purchases on credit from Pardo to the amount of $39.75, which indebtedness he acknowledged. He deposited in the municipal court three certified checks for $489 but he stated that he did it under the pressure of his attorney and the judge. When asked, on cross-examination by Pardo's attorney, to explain why he had deposited $489 if he owed only $239.75, Muñoz answered: "Because of your insistence in asserting that I owed a sum of money which I did not owe, and I was determined to obtain my diamond. That is why I made that deposit. I deposited the sum of money my attorney advised in order to settle this matter."

The same reasons, already stated by us, for holding that the defense of *res judicata* does not lie are applicable in deciding that the defense of collateral estoppel cannot be upheld, either. The plaintiff testified, to the satisfaction of the lower court, that he had deposited a greater sum than that which he really owed, because he was very much interested in recovering his jewel, and his attorney advised him to do it in order to settle the matter. Since the first offer was not accepted, and since the first action was dismissed for lack of jurisdiction, the plaintiff was not bound to renew his offer for a greater sum than that which he really owed to the defendant.

██ The defendant-appellant maintains that the lower court erred in dismissing the defense that the complaint did not state a cause of action for the recovery of personal property. The alleged insufficiency of the complaint consists in that the latter was not accompanied by an affidavit setting forth "that the property is wrongfully detained by the defendant" and also "the alleged cause of detention thereof", as required by § 171 of the Code of Civil Procedure, 1933 ed.

Appellant's contention lacks merit. It is true that in the title of the complaint it is stated that the action brought is "re: Claim and delivery of personal property, consignation, and other relief." But, a reading of the allegations of the complaint suffices to realize that the action brought in this case is the one established by the Civil Code (1930 ed.), in favor of the debtor, to demand the restitution of the thing pledged upon payment, or consignation in favor of the creditor, of the amount of the debt. Sections 1765 and 1770, Civil Code.

The Rules of Civil Procedure which took effect on September 1, 1943, provide that "there shall be one form of action to be known as 'civil action'" (Rule 2); and that "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall

contain (1) a short and plain statement of the facts giving rise to the action and showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief to which he deems himself entitled," (Rule 8).

The lower court did not err in holding that the complaint contains all the allegations which are necessary to state a cause of action.

■■ The appellant urges that the lower court erred in not holding that the action to recover the possession of the thing pledged had prescribed, pursuant to subdivision 1 of § 1868 of the Civil Code of 1930.

The appellant is not correct. It is true that, in accordance with the above-cited legal provision, an action to recover possession prescribes after the lapse of one year, to be counted from the loss of the possession. In the case at bar there is not involved an action to recover the mere possession of a property, but an action of revendication against a person, who claims to have acquired the property by purchase and to possess it as owner.

According to § 389 of the Civil Code, 1930 ed., the possessor may lose his possession by the abandonment of the thing or by its transfer to another gratuitously or for a valuable consideration.

Manresa, in his Commentaries (vol. IV, 3d edition, pp. 306 and 307), referring to § 460 of the Spanish Civil Code, which is equivalent to § 389 of our Code, states:

"2. *Transfer made to another gratuitously or for a valuable consideration.* Transfer means transmission in any form. There is no doubt regarding the right of the possessor to dispose of what he holds as his own. We are not dealing here with the special forms of disposition which consist in encumbering, limiting, transforming, etc., but with the fact of the transfer to a third person by the possessor of all the rights which the latter might have in the thing.

"Indeed, there is not involved here, as in the preceding case, a real loss of possession, because the relation with the thing or right is not broken, nor are the latter released; only the subject of that.

relation is changed. It may be said that the possession continues, and it should be so treated for the purpose of subdivision 1 of Article 1960 concerning prescription."

The evidence adduced by the plaintiff, which was accorded credit by the lower court, shows that Muñoz, owner of a ring, pledged it to the defendant as security for a loan. Therefore, we are not dealing here with a transfer, gratuitously or for a valuable consideration, which would involve the loss of possession, but with a special form of disposition which consists in encumbering personal property to secure the performance of an obligation. From the moment the defendant received the pledged ring, he started to possess it, not as owner, but as a creditor, entitled to retain it in his possession until his credit were paid. Sections 1762 and 1765 of the Civil Code, 1930 ed. The possessor of personal property given in pledge to secure an obligation, possesses the property in the name and for the benefit of his debtor. This is why the Civil Code provides that the creditor may not appropriate to himself the things given in pledge or dispose of them, (§ 1758); that he must take care of the thing given in pledge with the diligence of a good father of a family and shall be liable for its loss or deterioration (§ 1766); that if the pledge produce interest, said interest shall belong to the debtor (§ 1767); that the creditor cannot make use of the thing given in pledge without the authorization of the owner (§ 1769). The Civil Code (§ 1771) further provides that if the debt is not paid when due, the creditor may proceed to sell the pledged property at public auction, after serving notice on the debtor.

From the moment the defendant refused to receive the amount of his credit or to restore to the plaintiff the pledged property, the defendant became an unlawful holder or possessor of the thing pledged, and there arose in favor of the plaintiff a right of action to recover the same. Section 393 of the Civil Code, 1930 ed. The same Code provides as follows:

"Section 1862.—Real actions with regard to personal property prescribe after the lapse of six years from the loss of possession, unless the possessor may have during a shorter term acquired the ownership in accordance with Section 1855, and with the exception of the cases of loss and public sale, and those of theft and robbery, in which cases the provisions of the third paragraph of said section shall be observed."

Section 1855 provides that "The ownership of personal property prescribed by uninterrupted possession in good faith for a period of three years" or "by uninterrupted possession for six years, without the necessity of any other condition"; and that the provisions of § 393 shall be observed with respect to the right of the owner to recover personal property of which he may have been illegally deprived.

The lower court did not err in dismissing the defense of prescription.

The fourth assignment relates to the weighing of the evidence by the lower court. The controversy between the parties was as to whether the contract made by Muñoz and Pardo was one of sale or of loan, secured by a pledge. The evidence introduced by the plaintiff is in open conflict with the one adduced by the defendant. The trial judge, who saw and heard the parties and their respective witnesses testify, resolved the conflict by according credit to the plaintiff and to his witnesses, and by finding that the "plaintiff delivered the diamond ring to defendant Pardo, not pursuant to a sale, but in pledge to secure a loan for $200." The evidence for the plaintiff was sufficient to justify that finding. The charge that the lower court acted under the influence of passion and partiality is not supported by any part of the record. This being so, it is our duty to respect the decision of the lower court.

The contention of the defendant that the district court lacked jurisdiction is groundless. The action herein is for the recovery of a pledged property, valued at more

than $500. Moreover, the plaintiff claimed in his complaint the sum of $550 as damages for the unlawful use of the pledge by the defendant. The error is nonexistent.

We will not stop to discuss the remaining assignments, as we consider that they lack merit.

The judgment appealed from should be affirmed.